# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1854

_____

United States of America

*Plaintiff - Appellee*

v.

Donald Gibson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 16, 2018
Filed: June 28, 2018
[Unpublished]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.[*]

_____

PER CURIAM.

Donald Gibson was charged with five counts of tax evasion under 26 U.S.C. § 7201 and one count of offering a fictitious obligation under 18 U.S.C. § 514(a)(2).

---

[*]This opinion is being filed by Judge Gruender and Judge Kelly pursuant to 8th Cir. Rule 47E.

Gibson failed to file tax returns from 2004 through 2014 and sent two documents—one entitled "Private Offset Discharging and Indemnity Bond," the other "Private Offset Bond"—to the U.S. Department of Treasury. A jury found Gibson guilty on all six counts. The district court[1] imposed a sentence of 33 months' imprisonment and two years' supervised release. On appeal, Gibson argues: (1) that the district court erred by limiting his expert's testimony, and (2) that there was insufficient evidence for the jury to convict him of offering a fictitious obligation under § 514(a)(2).

A district court may only admit expert testimony

> if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "Expert testimony should not be admitted when it is speculative, it is not supported by sufficient facts, or the facts of the case contradict or otherwise render the opinion unreasonable." United States v. Rushing, 388 F.3d 1153, 1156 (8th Cir. 2004) (per curiam). Federal Rule of Evidence 704(b) also prohibits an expert in a criminal case from stating "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense."

At the pretrial conference, the district court heard argument from the parties about excluding Gibson's expert witness, Dr. Mary Kenning, a clinical psychologist. The district court permitted Dr. Kenning to testify that Gibson suffers from

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

depression and anxiety and to explain how depression and anxiety may generally affect one's decision-making. But the district court prohibited her from testifying that Gibson "seems to have believed in good faith that he was acting legally and being truthful when he committed the acts that resulted in the current charges." The district court provided three reasons for limiting Dr. Kenning's testimony: (1) the prohibited testimony was barred by Rule 704(b); (2) the prohibited testimony was outside her expertise because a psychologist is no better suited than a juror in determining whether a person is lying; and (3) Dr. Kenning failed to acknowledge significant evidence that conflicted with her decision that Gibson believed he was acting lawfully at all times. The district court's reasoning is sound, and we discern no abuse of discretion in its decision to minimally limit Dr. Kenning's testimony. See United States v. Benedict, 855 F.3d 880, 885 (8th Cir. 2017) (standard of review).

Gibson also argues that there was insufficient evidence for the jury to convict him of offering a fictitious obligation. As relevant, § 514(a) prohibits the production or passing, with the intent to defraud, of "any false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States." Gibson asserts that there is nothing about the fictitious bonds that indicates they were "issued under the authority of the United States" and claims that the bonds did not sufficiently resemble financial instruments for purposes of the statute. We review challenges to the sufficiency of evidence de novo, "examining the evidence in the light most favorable to the government, resolving evidentiary conflicts in the government's favor, and granting all reasonable inferences which support the verdict." Benedict, 855 F.3d at 886.

Contrary to Gibson's assertion, a document does not need to purport to be issued directly by the U.S. government to support a conviction under § 514(a). It is sufficient if the fictitious bond claims to draw from an account maintained by the United States. See United States v. Getzschman, 81 F. App'x 619, 620, 622 (8th Cir.

-3-

2003) (per curiam) (concluding that a fictitious instrument that claimed to draw from a nonexistent "Treasury Direct Account" in the United States Treasury Department "clearly f[e]ll within the meaning of § 514(a)"); see also United States v. Murphy, 824 F.3d 1197, 1200, 1204 (9th Cir. 2016) (holding that four "bonded promissory notes" supported a conviction under § 514(a) when the notes were payable "to the order" of the Secretary of the Treasury and were accompanied by documents authorizing the government "to pay [the defendant's] taxes from an account created for him, and held on his behalf, by the United States government"). Here, the purported bonds issued by Gibson were made payable "to" (or "to the order of") the Secretary of the Treasury. And the fictitious bonds directed the Secretary of the Treasury to pay Gibson's obligations from an account allegedly held at the Treasury. The government's evidence was sufficient for a reasonable jury to conclude that the bonds were "issued under the authority of the United States."

Further, the documents bore a sufficient resemblance to financial instruments. Section 514(a) "covers wholly nonexistent types of financial instruments." Getzschman, 81 F. App'x at 622; cf. United States v. Pullman, 187 F.3d 816, 823 (8th Cir. 1999). "[U]nlawful fictitious instruments are ones that appear to be actual in the sense that they bear a family resemblance to genuine financial instruments." Getzschman, 81 F. App'x at 622 (cleaned up); see also United States v. Howick, 263 F.3d 1056, 1068 (9th Cir. 2001). Gibson's fictitious bonds bore "a family resemblance to genuine financial instruments." See Getzschman, 81 F. App'x at 622. The bonds were printed on heavy stock paper with elaborate borders, signatures, and thumb prints. The bonds had bond numbers and issuance and maturity dates. This evidence was sufficient for a reasonable jury to conclude that the bonds appeared, represented, or purported to be actual financial instruments.

The judgment of the district court is affirmed.

_____